IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Gregory Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | The Honorable |
| v. | ) | John Z. Lee |
| | ) | Judge Presiding |
| CHICAGO POLICE OFFICER BRYAN COX, Star No. | ) | |
| 19328, CHICAGO POLICE OFFICER ROCCO | ) | |
| PRUGAR, Star No. 15445; CHICAGO POLICE | ) | |
| OFFICER DAVID SALGADO, Star No. 16347; | ) | 17 CV 9299 |
| CHICAGO POLICE OFFICER ROBERTO | ) | |
| RAMIREZ, Star No. 12261; CHICAGO POLICE | ) | |
| OFFICER PETER THEODORE, Star No. 10523; | ) | |
| CHICAGO POLICE OFFICER CECIL PHILLIPS III, | ) | |
| Star No. 6657; CHICAGO POLICE OFFICER JASON | ) | |
| JANOPOLOUS, Star No. 2675, all individually and as | ) | |
| employees/Agents of the CITY OF CHICAGO, a | ) | Jury Demand |
| Municipal corporation and THE CITY OF CHICAGO, | ) | |
| a Municipal Corporation, | ) | |
| | ) | |
| Defendants. | | |

**FIRST AMENDED COMPLAINT**

NOW COMES PLAINTIFF GREGORY JOHNSON, by and through his attorneys, LAW OFFICES OF JEFFREY J. NESLUND and ROBERTSON DURIC, in complaining of the DEFENDANT CHICAGO POLICE OFFICER BRYAN COX, Star No. 19328; CHICAGO POLICE OFFICER ROCCO PRUGAR, Star No. 15445; CHICAGO POLICE OFFICER DAVID SALGADO, Star No. 16347; CHICAGO POLICE OFFICER ROBERTO RAMIREZ, Star No. 12261; CHICAGO POLICE

OFFICER PETER THEODORE, Star No. 10523; CHICAGO POLICE OFFICER CECIL PHILLIPS III, Star No. 6657; and CHICAGO POLICE OFFICER JASON JANOPOLOUS, Star No. 2675, all individually and employees/Agents of the CITY OF CHICAGO, a Municipal corporation and THE CITY OF CHICAGO, a Municipal Corporation, and states as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiff Gregory Johnson's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C § 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff Gregory Johnson, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendant, Chicago Police Officer Bryan Cox, Star No. 19328; Chicago Police Officer Rocco Prugar, Star No. 15445; Chicago Police Officer David Salgado, Star No. 16347; Chicago Police Officer Roberto Ramirez, Star No. 12261; Chicago Police Officer Peter Theodore, Star No. 10523; Chicago Police Officer Cecil Phillips III, Star No. 6657; and Chicago Police Officer Jason Janopolous, Star No. 2675, were at all times material hereto, duly appointed Chicago Police Officers employed by the Defendant City of Chicago and acting in the capacity of a sworn law enforcement officials.

## FACTUAL SUMMARY

5. On March 3, 2016, Defendant Chicago Police Officers executed a search warrant at the location of 1441 S. Springfield, Ave, Apt. 2 at approximately 12:53 p.m.

6. Defendant Chicago Police Officers were operating pursuant to a pre- conceived plan and were working as a team at all times under the supervision of Defendant Chicago Police Officer Jason Janopolous.

7. During the execution of the search warrant, Defendant Chicago Police Officers recovered a bottle containing a controlled substance – codeine.

8. That bottle containing codeine, was a valid prescription bottle that was for an individual other than Plaintiff Gregory Johnson.

9. Plaintiff Gregory Johnson did not reside in that residence and had identification showing he lived at a different address.

10. On that day, Defendant Chicago Police Officers arrested Plaintiff Gregory Johnson for felony possession of a controlled substance, despite the fact he did not reside there, did not possess such bottle and never admitted to possessing such bottle.

11. Defendant Chicago Police Officers generated sworn police reports that contained false statements and omitted material facts that showed Plaintiff Gregory Johnson was not committing the offense of Possession of a Controlled Substance (Codeine) prior to his arrest.

12. Defendant Chicago Police Officers Cox, Theodore, and Salgado all falsely claimed that Plaintiff Gregory Johnson admitted to possession of the codeine when in fact Johnson did not so admit.

13. No effort was made to interview the individual to whom the codeine was

prescribed – who was the brother of the leaseholder. Also, there was no effort made to verify the veracity of this prescription with Walgreens.

14. The false information provided by the Defendant Chicago Police Officers was used at a bond hearing for Plaintiff Gregory Johnson. At that bond hearing, Plaintiff's bond was set at an amount that he could not readily post.

15. As a result of the bond that was set on the false charges, Defendant was detained in the Cook County Department of Corrections for a significant period of time.

16. Plaintiff was subsequently charged in Municipal Case No. 201611063710 with felony Possession of a Controlled Substance – Codeine - in a complaint sworn to by Defendant Chicago Police Officer Bryan Cox and witnessed by Defendant Chicago Police Officer Cecil Phillips III.

17. Defendant Chicago Police Officer Bryan Cox provided false testimony before the Cook County Grand Jury, and as a result, a true bill was returned.

18. Plaintiff was charged with a Class 1 offense of Possession of a Controlled Substance.

19. Plaintiff was forced to defend himself against these false charges and hired counsel to defend him.

20. As a result of the actions of Defendant Chicago Police Officers and the resulting incarceration and legal proceedings, Plaintiff Gregory Johnson suffered emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

21. On December 28, 2016, Plaintiff Gregory Johnson was found not guilty of Possession of a Controlled Substance following a bench trial before the Honorable

Vincent Gaughn.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
### (Against All Individual Defendants)

22. Plaintiff re-alleges and incorporates paragraphs 1-21 as fully stated herein.

23. As described above, Defendant Chicago Police Officers, falsely arrested and unlawfully detained Plaintiff Gregory Johnson without justification and without probable cause in violation of the United States Constitution.

24. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

25. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff Gregory Johnson suffered damages, including but not limited to loss of liberty, mental distress and anguish.

26. The misconduct described in this Court was undertaken by the Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

## COUNT II
### Fourth Amendment Section 1983 – Unlawful Detention
### (Against All Individual Defendants)

27. Plaintiff re-alleges and incorporates paragraphs 1-21 as fully stated herein.

28. As described above, Defendant Chicago Police Officers falsely arrested Plaintiff Gregory Johnson knowing there was no probable cause to prosecute Plaintiff; these actions of the Defendant Chicago Police Officers were motivated by

5

malice.

29. Plaintiff Gregory Johnson was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

30. The actions stated herein violate the United States Constitution, specifically the 4th and 14th Amendments.

31. The misconduct described in this Court was undertaken by the Defendant Chicago Police Officers within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

## COUNT III
### Illinois State Law Claim: Malicious Prosecution
### (Against All Individual Defendants)

32. Plaintiff Gregory Johnson re-alleges and incorporates paragraphs 1-21 as fully stated herein.

33. As described above, Defendant Chicago Police Officers falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

34. Plaintiff Gregory Johnson was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

35. Defendant Chicago Police Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, fabricated evidence, and made

6

written statements with the intent of exerting influence to institute and continue judicial proceedings.

36. Statements of Defendant Chicago Police Officers regarding Plaintiff Gregory Johnson's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Chicago Police Officers fabricated evidence and withheld exculpatory information.

37. This misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered financial and other damages, including but not limited to substantial mental stress and anguish, emotional damages, and the loss of liberty.

39. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

**COUNT IV**
**Illinois State Law Claim: Intentional Infliction of Emotional Distress**
**(Against All Individual Defendants)**

40. Plaintiff Gregory Johnson re-alleges and incorporates paragraphs 1-21 as fully stated herein.

41. The behavior of Defendant Chicago Police Officers described herein constituted extreme and outrageous conduct.

42. At all times detailed in the Complaint when Defendant Chicago Police Officers engaged in this extreme and outrageous conduct, Defendant Chicago Police

7

Officers knew Plaintiff Gregory Johnson was innocent and had not committed any crime.

43. In engaging in this extreme and outrageous conduct, Defendant Chicago Police Officers either intended to inflict severe emotional distress upon Plaintiff Gregory Johnson or knew that there was a high probability that their conduct would cause severe emotional distress upon the Plaintiff.

44. As a direct and proximate result of Defendant Chicago Police Officer's extreme and outrageous conduct, Plaintiff Gregory Johnson suffered severe and extreme emotional distress and continued to suffer such severe extreme emotional distress during subsequent court dates and throughout the intervening periods, including suffering from emotional distress, anxiety and interference with certain basic life functions including the ability to sleep.

45. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

## COUNT V
### Section 1983 Conspiracy Claims
### (Against All Individual Defendants)

46. Plaintiffs re-allege and incorporate paragraphs 1-21 above as fully stated herein.

47. In agreeing to falsely charge Plaintiff Gregory Johnson with a criminal offense without any reason to believe he had committed a crime, Defendant Chicago Police Officers acted in concert with each other to intentionally deprive Plaintiff of his Constitutional rights under color of law.

48. In furtherance of this conspiracy, Defendant Chicago Police Officers took

8

overt acts in fabricating false police reports, criminal complaints and giving false testimony under oath, in an effort to unlawfully convict Plaintiff Gregory Johnson of a criminal offense, all in violation of both state and federal law.

49. In furtherance of this conspiracy, Defendant Chicago Police Officers took overt acts to conceal their ongoing misconduct and unlawfully convict Plaintiff Gregory Johnson of a criminal offense, all in violation of both state and federal law.

50. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff Gregory Johnson.

51. As a result of the above-described wrongful infringement of Plaintiff Gregory Johnson's rights, he has suffered financial and other damages, including but not limited to emotional stress and anguish.

52. The aforementioned actions of the Defendant Chicago Police Officers were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

53. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

## COUNT VI
### Illinois State Law Conspiracy
### (Against All Individual Defendants)

54. Plaintiff Gregory Johnson realleges and incorporates by reference Paragraphs 1 through 21 above as though fully set forth herein.

55. Defendant Chicago Police Officers reached an agreement and conspired with

9

one another to fabricate evidence and falsely institute and continue State and Federal criminal proceedings against Plaintiff Gregory Johnson.

56. Defendant Chicago Police Officers took overt acts in furtherance of their conspiracy, including but limited to creating false police reports and providing false statements and testimony.

57. Defendant Chicago Police Officers acted with malice, willfulness, and reckless indifference to Plaintiff's rights.

58. The City is also liable under the doctrine of *respondeat superior* because the actions of Defendant Chicago Police Officers were committed within the scope of their employment with the City.

59. As a direct and proximate result of the misconduct of Defendant Chicago Police Officers, Plaintiff Gregory Johnson suffered serious and lasting injuries, including but not limited to the loss of his liberty for two and one-half years, and severe mental anguish and emotional distress.

## COUNT VII
### Monell Claim Against Defendant City of Chicago

60. Plaintiff re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

61. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, Defendant City of Chicago.

62. The City maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendant Chicago Police Officers.

10

63. The Independent Police Review Authority ("IPRA") is a subsidiary of Defendant City of Chicago during all times relevant to this Complaint. The City maintained and exercised exclusive control over IPRA, its policies and procedures, as well as the conduct of its employees.

64. Defendant City, through its subsidiary the Chicago Police Department, has established certain policies and procedures that were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by Defendant City of Chicago.

65. Defendant City of Chicago, through its subsidiary IPRA has established certain policies and procedures that were adopted and promulgated through the actions and inactions of senior and intermediate supervisory employees of IPRA, and thereby ratified by Defendant City of Chicago.

66. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago Police Department to properly and legitimately investigate police misconduct committed by sworn Chicago Police Officers against civilian citizens of Chicago.

67. The failure or refusal of the Chicago Police Department to properly and legitimately investigate police misconduct by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for such misconduct, is the proximate cause of frequent injuries to civilian citizens, including Plaintiff Gregory Johnson.

68. The failure and refusal by the CITY, through the Chicago Police Department

11

and IPRA, to properly and legitimately investigate the use of police misconduct by sworn Chicago Police Officers, signals a tolerance by Defendant City of police misconduct by Chicago Police Officers, and constitutes a deliberate indifference by Defendant City of Chicago to such conduct.

70. A United States Department of Justice Department Report determined that the civil rights of the citizens who lived on the South and West side of the City of Chicago had been routinely violated by members of the Chicago Police Department for a number of years.

71. There have been hundreds of instances wherein members of the Chicago Police Department have been alleged to have violated the civil rights of individuals through the abuse of the John Doe search warrant practice.

72. Despite these numerous complaints, no officer has been terminated or received substantial discipline for the abuse of John Doe search warrants.

73. Recently two Chicago Police Officers, Xavier Centeno and David Salgado were indicted in this court in a three count Indictment in Case No. 18CR286 for Theft and lying to federal authorities in connection with their execution of John Doe search warrants as Chicago Police Officers.

74. Officer David Salgado who was indicted in 18CR286 is a Defendant in this case that alleges the abuse of the John Doe search warrant process to violate Plaintiff's rights during a time when Salgado was on a west side gang team – the same area of the City in which the incidents detailed in this complaint occurred.

75. Specifically, during the course of conduct described by the Indictment, Salgado and Elizondo: 1.) obtained materially false John Doe search warrants; 2.) caused

confidential informants to provide false information to judges to obtain such warrants; 3.) falsified police reports to conceal their criminal activities regarding the John Doe search warrants; and 4.) lying to federal authorities.

76. The Indictment contains multiple instances of this behavior with is indicative of the pattern and practice alleged herein.

77. At no point were either of these officers disciplined or sanctioned in any manner for the criminal conduct that was alleged in the Indictment despite knowledge of their activities.

78. In addition to the allegations set forth in the aforementioned Indictment, there have been a number of other instances that demonstrate the pattern and practice that has been set forth in this Complaint.

79. In April 2017, Defendant Pruger participated in the illegal search of the home of LeKeshia Harris.

80. In February 2016, Defendants Pruger, Cox and Theodore, violated the constitutional rights of Thomas Percy and Larry Collins during the search of a home.

81. Defendant Pruger violated the constitutional rights of Vongia Weathers by unlawfully searching her home.

82. By its polices of non-feasance and deliberate indifference in the aforementioned areas, Defendant City of Chicago, through the Chicago Police Department, let it be known to its supervisors and officers, such as Defendant Chicago Police Officers, that Defendant City of Chicago condoned, ratified and, by virtue thereof encouraged, the unwarranted and illegal misconduct by said officers.

83. The failure and refusal by Defendant City of Chicago, through the Department

and IPRA, to investigate police misconduct by sworn Chicago Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of citizens, creates unwarranted and illegal favored treatment for a class of citizens, Chicago Police Officers, as compared with the treatment afforded citizens.

84. The acts and omissions of Defendant City of Chicago, through the policies and procedures implemented by the Chicago Police Department and IPRA, were a deliberate and malicious deprivation of Plaintiff Gregory Johnson's constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

85. As a matter of both policy and practice, the Chicago Police Department and IPRA directly encouraged, and was thereby the moving force behind, the very type of misconduct at issue here by failing to adequately investigate its officers, such that its failure to do so is objectively unreasonable.

86. Defendant City of Chicago has failed to remedy the patterns of behavior described in these subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

87. As a matter of policy and practice, Defendant City of Chicago, facilitates the type of constitutional violation at issue here by failing to punish and discipline prior instances of police misconduct, thereby leading officers and providers to believe their actions will never be scrutinized, thereby encouraging future abuses such as those affecting Plaintiff Gregory Johnson.

88. The policy and practice is furthered by the actions of Defendant City of Chicago through IPRA in making findings in a disproportional small number of cases

involving officers accused of misconduct.

89. The policy and practice of Defendant City of Chicago condone a "code of silence" in the City of Chicago Police Department that condone the failure to report police misconduct and results in citizens suffering deprivations of their constitutional rights such as the one set forth in this Complaint.

90. Said policies, practices, customs, and omissions as set forth above, both individually and collectively, were maintained and implemented with deliberate indifference, and caused agents, servants and/or employees of the Chicago Police Department referred to commit the aforesaid acts against Plaintiff and, therefore, acted as direct and proximate causes of said constitutional violations to Plaintiff Gregory Johnson.

91. As a direct and proximate cause of the wrongful acts of Defendant City of Chicago, Plaintiff suffered injuries, including loss of liberty, mental anguish, emotional damages, including emotional distress and a disruption of daily life functions.

## COUNT VIII
### State Law Claim: Indemnification
### (By Plaintiff Against Defendant City of Chicago)

92. Plaintiff re-alleges and incorporates paragraphs 1-59 as fully stated herein.

93. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

94. Defendant, Chicago Police Officer Bryan Cox, Star No.19328; Chicago Police Officer Rocco Prugar, Star No. 15445; Chicago Police Officer David Salgado, Star No. 16347; Chicago Police Officer Roberto Ramirez, Star No. 12261; Chicago Police Officer Peter Theodore, Star No. 10523; Chicago Police Officer Cecil Phillips III, Star No. 6657;

15

and Chicago Police Officer Jason Janopolous, Star No. 2675, were at all times material hereto employees of Defendant City of Chicago and acted within the scope of his employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

Plaintiff Gregory Johnson respectfully request that the Court:

a. Enter a judgment in Plaintiff's favor and against Defendant, Chicago Police Officer Bryan Cox, Star No. 19328; Chicago Police Officer Rocco Prugar, Star No. 15445; Chicago Police Officer David Salgado, Star No. 16347; Chicago Police Officer Roberto Ramirez, Star No. 12261; Chicago Police Officer Peter Theodore, Star No. 10523; Chicago Police Officer Cecil Phillips III, Star No. 6657; and Chicago Police Officer Jason Janopolous, Star No. 2675 and THE CITY OF CHICAGO;

b. Award compensatory damages to Plaintiff and against Defendants, Defendant, Chicago Police Officer Bryan Cox, Star No. 19328; Chicago Police Officer Rocco Prugar, Star No. 15445; Chicago Police Officer David Salgado, Star No. 16347; Chicago Police Officer Roberto Ramirez, Star No. 12261; Chicago Police Officer Peter Theodore, Star No. 10523; Chicago Police Officer Cecil Phillips III, Star No. 6657; and Chicago Police Officer Jason Janopolous, Star No. 2675 and THE CITY OF CHICAGO;

c. Award attorney's fees to Plaintiff and against Defendant, Chicago Police Officer Bryan Cox, Star No. 19328; Chicago Police Officer Rocco Prugar, Star No. 15445; Chicago Police Officer David Salgado, Star No. 16347; Chicago Police Officer Roberto Ramirez, Star No. 12261; Chicago Police Officer Peter Theodore, Star No. 10523; Chicago Police Officer Cecil Phillips III, Star No. 6657; and Chicago Police Officer Jason Janopolous, Star No. 2675, and THE CITY OF CHICAGO;

d. Award punitive damages to Plaintiff and against Defendant, Chicago Police Officer Bryan Cox, Star No. 19328; Chicago Police Officer Rocco Prugar, Star No. 15445; Chicago Police Officer David Salgado, Star No. 16347; Chicago Police Officer Roberto Ramirez, Star No. 12261; Chicago Police Officer Peter Theodore, Star No. 10523; Chicago Police Officer Cecil Phillips III, Star No. 6657; and Chicago Police Officer Jason Janopolous, Star No. 2675, and THE

CITY OF CHICAGO;

e. Grant any other relief this Court deems just and appropriate, including equitable relief with respect to Plaintiff's *Monell* claim to include, among other things, the appointment of an independent monitor to oversee the creation and implementation of necessary reforms.

## JURY DEMAND

Plaintiff Gregory Johnson demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                          Respectfully submitted,
                                           /s/ Robert Robertson

Robert Robertson
Robertson Duric
One North La Salle St.
Chicago, Illinois 60602
(312) 223-8600


Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100